

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00381-CR

Dylan Wade **O'BRIANT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 15-07-11740-CR
Honorable Daniel J. Kindred, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Delivered and Filed: September 30, 2020

DISMISSED

The clerk's record has been filed in this case. The trial court's Rule 25.2 certification does not show appellant has the right of appeal. *See* TEX. R. APP. P. 25.2. We issued an order notifying appellant that this appeal would be dismissed within 30 days of the order if two conditions were met: (1) a certification or amended certification showing appellant has the right of appeal has not been made part of the record; and (2) the trial court's certification is not defective. *See id.* R. 25.2(d) (requiring us to dismiss a criminal appeal if a certification that shows the defendant has the right of appeal has not been made part of the record). Because no amended certification

showing appellant has the right of appeal has been made part of the appellate record, the only issue is whether the trial court's certification is defective in the notification of the defendant's appellate rights. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals must determine whether the certification is defective).

The trial court's certification states this is a plea bargain case and the defendant has no right of appeal and that the defendant has waived the right of appeal. *See* R. 25.2(a); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02. The clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant in the plea bargain agreement. *See* R. 25.2(a). The clerk's record also does not show the trial court granted appellant permission to appeal or contain any matters that were raised by written motion and ruled on before trial. *See id.* Appellant's counsel has not represented to this court that the trial court's certification is defective in the notification of the defendant's appellate rights. We conclude the trial court's certification is not defective in its notification of the defendant's appellate rights. Accordingly, we must dismiss this appeal. *See id.* R. 25.2(d).

PER CURIAM

DO NOT PUBLISH